UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DEMETRIUS MCCUTCHEN on
behalf of himself and others
similarly situated,

        Plaintiff,

        v.

EMPLOYBRIDGE,

        Defendant.

CIVIL ACTION NO. 3:25-CV-1864

(SAPORITO, J.)

## ORDER

On October 6, 2025, the plaintiff brought this action against the defendant, Employbridge, for violations pursuant to the Fair Credit Report Act ("FCRA") that the plaintiff alleges occurred during his hiring process with the defendant. (Doc. 1). On November 12, 2025, Employbridge moved to compel arbitration under the terms of an arbitration agreement, dismiss the plaintiff's class action claims, and stay further proceedings pending the completion of the arbitration proceeding. (Doc. 8).

When deciding a motion to compel arbitration, a district court may either rely upon the standards governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) or the standards governing motions for summary

judgment supplied by Fed. R. Civ. P. 56. *Guidotti v. Legal Helpers Debt Resolution LLC*, 716 F.3d 764, 771–76 (3d Cir. 2013). Under *Guidotti*, the Third Circuit has provided guidance as to which standard may be appropriate under the given circumstances in a particular case as follows:

> When it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the questions of arbitrability before a court entertains further briefing on the question.

*Id.* at 776 (citation and internal quotation marks omitted). The plaintiff's complaint makes no reference to the arbitration provision. *See* (Doc. 1). Employbridge, however, has attached documents to its motion. *See* (Doc. 8). Because Employbridge has presented materials outside the pleadings and relies extensively on those materials in support of his motion, we will treat Employbridge's motion under Rule 56 of the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      Employbridge's motion to compel arbitration will be treated under the standard articulated in Rule 56 of the Federal Rules of Civil Procedure;

2.      Employbridge shall file and serve a statement of material facts in compliance with Local Rule 56.1 within **fourteen (14)** days after entry of this Order;

3.      Employbridge may file and serve an amended brief in support of its motion to compel arbitration at the same time as its statement of material facts, if it so desires;

4.      The plaintiff shall file and serve his brief in opposition and a separate, short, and concise statement of the material facts, responding to the numbered paragraphs set forth in Employbridge's statement, **fourteen (14)** days after service of Employbridge's statement of material facts referenced in the two preceding paragraphs, *see* L.R. 7.6, 56.1; and

- 3 -

- 4 -

5. Employbridge may file a reply brief within **fourteen (14)** days after service of the plaintiff's papers in opposition to the motion to compel arbitration, *see* L.R. 7.7.

Dated: May 28, 2026    _s/Joseph F. Saporito, Jr._
JOSEPH F. SAPORITO, JR.
United States District Judge

- 4 -